THE ATTORNEY GENERAL HAS RECEIVED YOUR LETTER ASKING, FOR AN OFFICIAL OPINION ADDRESSING, IN EFFECT, THE FOLLOWING QUESTION:
 DOES OKLA. CONST. ARTICLE IX, SECTION 16 OR ANY OTHER PROVISION OF LAW REQUIRE A COMMISSIONER OF THE OKLAHOMA CORPORATION COMMISSION TO VACATE HIS OFFICE OR DIVEST HIMSELF OF AN UNLEASED FEE MINERAL INTEREST WITHIN A REASONABLE TIME AFTER THE FILING OF A FORCED POOLING ACTION AGAINST SAID PROPERTY, AND IF NOT, DOES IT PROHIBIT HIM FROM EXERCISING HIS PROPERTY RIGHTS IN THE FORCED POOLING ACTION?
WE RECEIVED YOUR LETTER ON MONDAY, FEBRUARY 5, 1990, AND UNDERSTAND THAT A POOLING HEARING HAS BEEN SCHEDULE FOR THURSDAY, FEBRUARY 8, 1990, WHICH PROCEEDING WILL INCLUDE YOUR FEE SIMPLE MINERAL INTEREST. DUE TO THIS OBVIOUS TIME CONSTRAINT, OUR OFFICE IS UNABLE TO PROVIDE YOU WITH A DETAILED LEGAL ANALYSIS OF YOUR PROBLEM. ALSO, BECAUSE YOUR REQUEST INVOLVES QUESTIONS OF FACT AND NOT LAW, OUR OFFICE MAY NOT ISSUE AN OFFICIAL OPINION.
ALTHOUGH OUR OFFICE IS UNABLE TO PROVIDE YOU WITH AN OFFICIAL OPINION, I HAVE REVIEWED YOUR LETTER AND THE CONTROLLING CASE LA AND HAVE CONCLUDED THAT THE PRINCIPLES OF LAW WHICH YOU CITE IN YOUR LETTER ARE CORRECT; THOSE BEING AS NOTED IN STATE V. FREEMAN, AS FOLLOWS:
 1. NO RIGID OR INFLEXIBLE FORMULA CAN BE PRESCRIBED FOR DETERMINING WHAT CONSTITUTES ENGAGING IN AN "INCONSISTENT" OCCUPATION OR BUSINESS; BUT IT MAY BE STATED AS A GENERAL RULE OF GUIDANCE THAT IF AN OCCUPATION, BUSINESS ACTIVITY, OR BUSINESS ACTIVITIES, IN WHICH A CORPORATION COMMISSIONER PARTICIPATES OR WITH WHICH HE IS CONNECTED, OPERATES AS AN EFFECTIVE INTERFERENCE WITH THE DISCHARGE OF THE FUNCTION OF HIS OFFICE, HE SHALL BE DEEMED TO BE "ENGAGED IN AN OCCUPATION OR BUSINESS INCONSISTENT WITH HIS DUTIES AS SUCH COMMISSIONER."
 2. WITHIN THE MEANING OF THE GENERAL RULE OF GUIDANCE, ANY INTEREST IN ANY OCCUPATION, BUSINESS ACTIVITY, OR BUSINESS ACTIVITIES WHICH IS AFFECTED IN A MEANINGFUL MANNER BY THE CORPORATION COMMISSION'S EXERCISE OF ITS JURISDICTION, CONSTITUTES SUCH "EFFECTIVE INTERFERENCE."
 3. THERE IS NO YARDSTICK FOR MEASURING WHAT WOULD CONSTITUTE ENGAGING IN A, "BUSINESS ACTIVITY" OR WHAT "INTERESTS" ARE AFFECTED IN A MEANINGFUL MANNER BY THE CORPORATION COMMISSION'S EXERCISE OF ITS JURISDICTION, BUT THE DETERMINATION OF SUCH ISSUES PRESENTS PURELY A QUESTION OF FACT. (EMPHASIS ADDED).
WITH THIS LEGAL PARAMETER IN MIND AND IN ADDITION TO THE FACTS PRESENTED IN YOUR LETTER, A REVIEWING COURT MIGHT ALSO LOOK AT VARIOUS OTHER FACTORS SUCH AS:
 1. WHEN WAS YOUR INTEREST ACQUIRED AND WHAT IS THE AMOUNT OF INTEREST OWNED?
 2. WILL YOUR ELECTION UNDER THE POOLING ORDER DEEM YOU TO BE IN BUSINESS WITH BARON EXPLORATION COMPANY? IS IT VOLUNTARY?
 3. IS BARON EXPLORATION COMPANY OR ANY OF ITS SUBSIDIARIES OR HOLDING COMPANIES DEEMED TO BE PIPELINES FOR HIRE IN THE STATE OF OKLAHOMA? (OKLA. CONST. ARTICLE IX, SECTION 16)
 4. IF A WELL IS DRILLED OR RE-ENTERED AND COMPLETED AS A PRODUCING WELL PURSUANT TO THE POOLING ORDER, WHO RECEIVES THE PROCEEDS AND IN WHAT AMOUNT?
 5. WILL THE RECEIPT OF PROCEEDS, EITHER IN BONUS PAYMENTS OR WELL DISBURSEMENTS, BE DEEMED A BUSINESS ACTIVITY AFFECTED IN A MEANINGFUL MANNER BY THE CORPORATION COMMISSION'S EXERCISE OF ITS JURISDICTION?
IN ADDITION TO THE FOREGOING DISCUSSION RELATIVE TO THE OKLAHOMA CONSTITUTION, CERTAIN PROVISIONS OF THE OKLAHOMA CAMPAIGN COMPLIANCE AND ETHICAL STANDARDS ACT MAY ALSO BE RELEVANT. (SEE PARTICULARLY, 74 O.S. 4241 (1981).)
THESE FACT QUESTIONS AND ANY NUMBER OF OTHER FACTORS MAY BE CLOSELY SCRUTINIZED BY A COURT OF COMPETENT JURISDICTION TO DETERMINE THE LEGALITY OF YOUR POSITION. IN THIS REGARD, THE MULTIPLE FACTORS INVOLVED IN YOUR CASE MAY EITHER STRENGTHEN THE COURT'S CONCLUSION REGARDING THE JONES RATIONALE AS DETERMINED IN STATE V. FREEMAN (THAT JONES HAD NOT FORFEITED OR VACATED HIS OFFICE BY REASON OF THE ACQUISITION OR OWNERSHIP OF OIL AND GAS PROPERTIES) OR IT COULD PERCHANCE MAKE IT A CLOSER CALL.
(ALICE S. MITCHELL)